PERSOLL *vs.* SCOTT, administrator.

Where a father advanced to his son a "wool carder" of the value of one thousand dollars, and afterwards took possession of it and used it, he thereby became the debtor of his son, and the statute of limitations would run as well against such claim as against any other debt. If the claim for the use of the property was barred before the death of the father, it would not be a proper deduction from the advancement in the settlement of his estate.

Estates. Administrators and executors. Statute of limitations. Before Judge SPEER. Rockdale Superior Court. August Term, 1879.

Reported in the decision.

J. N. Glenn, for plaintiffs in error.

A. B. Simms, for defendant.

Warner, Chief Justice.

This case came before the court below on an exception filed to an auditor's report in the case of Persoll *vs.* Scott, administrator, *et al.* The court sustained the exception taken to the auditor's report, and the complainant excepted.

It appears from the report of the auditor that the deceased intestate, who died in 1874, advanced to his son, the complainant, in the year 1861, a " wool carder " of the value, at that time, of $1,000.00 ; that in the spring of 1862, the complainant went into the army, and during his absence his father took possession of the carder and moved it into his own mill-house and used it there until July, 1864, when it was burnt up by the Federal soldiers.   The auditor charged the intestate or his estate with the sum of $300.00, for the use of the carder, and deducted that amount from the $1,000.00, and thereby reducing the complainant's advancement to $700.00.

As against this claim of the complainant upon his father's estate for the use of the carder, the administrator pleaded the statute of limitations.   The gift and delivery of the wool carder by the intestate to the complainant as an advancement, in 1861, vested the title thereto in him, to be accounted for at its value at the time of the advancement, as a part of his distributive share of the intestate's estate after his death.   If after making the advancement of the wool carder to the complainant, the intestate in his lifetime took possession of it and used it, and such use was worth $300.00, then the intestate in his lifetime became indebted to the complainant that amount in the same manner as any other person would have been who had used the complainant's wool carder, and the complainant could have sued the intestate in his lifetime on the account therefor, provided

FEBRUARY TERM, 1880.            769

he had done so before the same was barred by the statute of limitations. The intestate died in 1874, and the complainant's claim was barred in the lifetime of the intestate, not only by the four years statute, but by the act of 1869. As the intestate could have pleaded the statute of limitations in bar of the complainant's claim for the use of his wool carder, in his lifetime, so may his administrator do so after his death. But it was said on the argument that this was an equitable proceeding, and that the statute of limitations should not be applied to it. The answer is that equity follows the law, and cannot override and control the positive enactments of statutes. Code, §3084. There was no error in sustaining the exception to the auditor's report.

Let the judgment of the court below be affirmed.