BEARDEN, executor, *v.* LONGINO, executor.

No. 11657. FEBRUARY 11, 1937.

*Linton S. James* and *Clifford M. James*, for plaintiffs.
*George & John L. Westmoreland*, for defendant.

JENKINS, Justice. In a previous petition by an executor, the court was asked to construe the will, in order to determine whether or not the wife of the testator, who was left a life-estate in the

property, was authorized by the terms of the will to dispose of the property by a will of her own; and in the event that the will should be construed as giving her such power, the petition attacked her mental capacity to make a will, and asked the court to declare null and void a will by which she sought to dispose of the property. The court entered the following judgment: "The matter of construction of the will of W. Frank Bearden coming on, and the court having the power to construe the will, it is therefore considered, ordered, and adjudged by the court that the will of W. Frank Bearden is and same is hereby construed that Martha A. Bearden, under the terms of the will of W. Frank Bearden, in which power was given to dispose of the property by deed or will, and that she by the exercise of this power could in turn execute a will under the powers granted under the will of W. Frank Bearden." Afterward there was a jury trial on the sole issue as to the wife's testamentary capacity. At the conclusion of the petitioner's evidence, the court passed the following order: "The above case coming on for a hearing, and the plaintiff having introduced evidence on the sole issue of mental capacity of the testatrix, Mrs. Martha A. Bearden, and the court being of the opinion that the evidence of the plaintiff is insufficient to prove the allegations of the plaintiff on this question of mental capacity, a nonsuit is hereby granted, and said case dismissed," with costs. Without assigning error on the judgment construing the will or on the judgment of nonsuit, the petitioner sought to bring the case to this court by bill of exceptions assigning error merely on exceptions pendente lite, previously filed, to the judgment construing the will. The writ of error was dismissed. *Bearden v. Longino,* 181 *Ga.* 807 (184 S. E. 319). See also, as to the previous history of the case, *Longino v. Bearden,* 177 *Ga.* 353 (170 S. E. 237). The petitioner in the former suit then filed the present suit, again asking merely that the court construe the will in conformity with his previous contention that it did not give to the wife power to dispose of the property by will. The sole question presented by the plea and a demurrer thereto is whether the former adjudication construing the will is res judicata.

1. "At any stage in the progress of a cause for equitable relief, if any portion of the same shall be ready for or require a decree, the court may hear and determine such matters, and pass such in-

terlocutory decree or order as may advance the cause and expedite a final hearing. If no issue of fact shall be involved, the verdict of a jury shall be unnecessary." Code, § 37-1101. "In cases of difficulty in construing wills . . the representative may ask the direction of the court." Code, § 37-404. He has easy admittance to courts of equity for direction and advice. The only limitation under the Code is that his prayer for construction must not be based on "imaginary difficulties" or "excessive caution." In seeking construction of a will the executor assumes an impartial rôle between the devisees or other parties at interest, since he stands in the place of the deceased and seeks to carry out his wishes and intentions. See Redfearn on Wills etc., § 128.

2. While it is the general rule, at least in law cases, that where a suit is brought on two causes of action in separate counts, or on a cause of action divisible into parts, the court will not grant a partial nonsuit (*Swain* v. *Macon Fire Insurance Co.*, 102 *Ga.* 96, 103, 29 S. E. 147; *So. Ry. Co.* v. *Hardin*, 107 *Ga.* 379, 381, 33 S. E. 436; *McIver* v. *Florida Central &c. R. Co.*, 110 *Ga.* 223, 225, 36 S. E. 775, 65 L. R. A. 437; *Southern States Exploring &c. Syndicate* v. *McManus*, 113 *Ga.* 982 (4), 39 S. E. 480), this rule will not be given application in an equitable proceeding, where, as here, the proceeding did not amount to a suit based upon two separate causes of action or a cause divisible into separate parts, but where by one of the prayers the executor exercised his prerogative in calling upon the court to construe the testator's intent as to whether the legatee named was authorized to dispose of the property by will, and where by another prayer he sought to establish by verdict the mental incapacity of the testator's legatee to thus dispose of the property. After the court has construed the will, and, as authorized by the Code, § 37-1101, has disposed of that portion of the equitable relief prayed for by entering a judgment holding that the legatee was empowered to dispose of the property by will, to which judgment no valid exception was taken, the fact that the jury question relating to the executor's contention that the legatee was mentally incapable of making a will was afterwards determined by nonsuit would not operate to annul the court's previous judgment construing the meaning of the will. Accordingly, since the ruling construing the will remained valid and binding, a new petition by the executor, merely

822

seeking again a construction of the will upon the identical question, was subject to the plea of res judicata.

*Judgment affirmed. All the Justices concur.*