22224.   DYSON et al. v. DIXON et al.

QUILLIAN, Justice.   The instant case comes to this court on exceptions to the sustaining of general demurrers to a petition seeking cancellation of a deed and specific performance of a contract.   The controversy arose out of a sale of a certain parcel of land, and the subsequent delivery and recordation of the deed to same, by the Housing Authority of Savannah to a bidder for purchase of the property under the provisions of the Urban Redevelopment Law (Ga. L. 1955, p. 354; Ga. L. 1962, p. 702).   The complaining parties are a citizen and taxpayer and a foreign corporation which was allegedly the "highest and best bidder" under an "invitation for proposals." They allege that the housing authority acted fraudulently in accepting the proposal of a lower bidder in that the commissioners of the housing authority failed to communicate to the foreign corporation the fact they were considering criteria other than price.   The sole basis of the plaintiffs' contention that such failure to communicate the "other-than-price" criteria was fraud is found in the following averment: "Petitioner alleges that the Urban Renewal Administration, a constituent of the Housing and Home Finance Agency, describes requirements applicable for administration of Urban Redevelopment projects, which are binding upon corporate bodies administering this program, including Housing Authority of Savannah.   That Section 14-3-5 of said manual contains the following provisions: 'If the bidding is to be on an other-than-price basis, the documents shall provide a precise specification of the criterion on which the bids will be evaluated.' "

The statute, supra, under which the housing authority disposes of property in an urban redevelopment area has the following pertinent provisions: that the real property acquired by the municipality "shall be sold, leased, otherwise transferred, or retained at not less than its fair value for uses in accordance with the urban redevelopment plan.   In determining the fair

value of real property for uses in accordance with the urban redevelopment plan, a municipality shall take into account and give consideration to the uses provided in such plan; the restrictions upon, and the covenants, conditions and obligations assumed by the purchaser or lessee or by the municipality retaining the property; and the objectives of such plan for the prevention of the recurrence of slum areas."

It further provides: that a municipality may dispose of real property to private persons only under such reasonable competitive bidding procedures as it shall prescribe or as hereinafter provided; that the municipality may "by public notice by publication" invite proposals from and make available all pertinent information to private redevelopers; that "such notice shall identify the area, or portion thereof, and shall state that such further information as is available may be obtained at such office as shall be designated in said notice"; that the municipality "shall consider all such redevelopment or rehabilitation proposals and the financial and legal ability of the persons making such proposals to carry them out"; that the municipality "may accept such proposal as it deems to be in the public interest and in furtherance of the purposes of this Chapter." *Held*:

1. The above quoted portions of the statute clearly show that under the Georgia law factors other than price are to be considered in evaluating bids. Bidders to property under the classification of urban redevelopment projects must be charged with knowledge and held to be on notice of such additional criteria. See *Hughes v. State Board of Examiners*, 162 Ga. 246, 250 (134 SE 42); *Code* § 102-105. The provision which the plaintiffs quote contains no requirement for notice to the prospective bidders, but only states that "the documents shall provide a precise specification" of criteria. The petition alleges that the chairman of the commission announced that a resolution had been adopted months ago and that there were six criteria on which bids were judged other than price. There is no allegation that such criteria were not available in a designated office as provided by the Act of 1955, supra (*Code Ann.* § 69-1109). Thus, it is readily apparent that even if we assume the plaintiffs' conclusion that the provision was binding upon the housing authority, there are no allegations of fact showing that the housing authority fraudulently failed to comply with a mandatory requirement.

"A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." *Code* § 102-102 (6). Nowhere does it appear that the commissioners of the housing authority failed to substantially comply with the law. Hence, the rule is applicable: "Where a municipal board is authorized to do a particular act in its discretion, the courts will not control this discretion unless manifestly abused, nor inquire into the propriety, economy, and general wisdom of the undertaking, or into the details of the manner adopted to carry the matter into execution." *Chipstead v. Oliver*, 137 Ga. 483, 486 (73 SE 576); *Lewis Motor Co. v. Mayor &c. of Savannah*, 210 Ga. 591, 597 (82 SE2d 132).

2. Since we have determined that the plaintiffs failed to allege such fraudulent conduct on the part of the defendants as would entitle them to a cancellation of the deed, the plaintiffs' prayer for specific performance, "after cancellation," is without effect.

*Judgment affirmed. All the Justices concur.*

Argued October 14, 1963—Decided November 7, 1963.

*Lewis, Wylly & Javetz*, for plaintiffs in error.

*A. Pratt Adams, Jr., Frank S. Cheatham, Jr., Adams, Adams & Brennan*, contra.