### 23588. STATE OF GEORGIA v. LIVINGSTON.

QUILLIAN, Justice. The State of Georgia filed its equitable petition in Fulton Superior Court against Roy N. Livingston. The petition sought to have a purported lease to the defendant of certain State property declared void and canceled as a cloud upon the State's title and sought an injunction against the defendant to prevent his utilization of the purported lease. The defendant filed demurrers, both general and special, to the petition. After a hearing, the trial judge entered an order sustaining the general demurrers and dismissing the petition. The State appeals from that judgment. *Held:*

1. The State contends that the lease, entered into in 1951, between the defendant and the Western & Atlantic Railroad Commission, under authority vested in the Commission by Ga. L. 1950, p. 408, is void and should be canceled for two salient reasons.

The first contention is that the lease is for a period of time in excess of the maximum term of years authorized and prescribed by the Act of 1950. The lease was entered into on March 30, 1951, and the term described therein was from

December 28, 1969, until December 27, 2009. The statute provided that the commission should consider and determine: "The term of years for which the lease or leases should run, which shall not be more than forty years from the date of said lease, and when the lease or leases become operative." The State therefore argues that since the date of the lease was 1951 the lease runs 58 years from such date and hence was inoperative and void.

While the State places great emphasis on the use of the word "date" and cites numerous authorities as to its definition and use, it overlooks one of the cardinal rules of statutory construction. "The intention of the legislature, as it manifestly appears in a statute, must be carried into effect, although the precise and literal sense of the terms may be different." *Evans v. Evans*, 190 Ga. 364, 370 (9 SE2d 254); *Erwin v. Moore*, 15 Ga. 361 (1); *Sumter County v. Allen*, 193 Ga. 171, 176 (17 SE2d 567). "The construction must square with common sense and sound reasoning." *Blalock v. State*, 166 Ga. 465, 470 (143 SE 426).

Since the lease could not become operative until 19 years after the passage of the Act (because of prior existing leases on such property) and it is evident that it was contemplated that leases could and would be entered into immediately, or within a short time, after the Act's passage, to apply the meaning contended for by the State that the 40-year limit was meant to run from the date of a lease contract's execution would result in an incongruous and unrealistic variance in the terms of individual leases predicated solely on whether the respective lease was entered into or "dated" soon after the Act's passage or in close proximity to the expiration of the existing leases. For example, under the proposed interpretation of the Act, a lease "dated" in 1951 could have a term of only 22 years (from 1969) while a lease "dated" in 1968 might run for 39 years. Such construction would be to ascribe to the legislature an illogical intention not based on sound policy or reason. "Where the letter of the statute results in absurdity or injustice or would lead to contradictions, the meaning of general language may be restrained by the spirit or reason of the statute. . . It is the duty of the court to consider the results and consequences of any proposed construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature."

*New Amsterdam Cas. Co. v. Freeland,* 216 Ga. 491, 495 (117 SE2d 538). Here the inescapable conclusion is that the intention of the legislature was to prohibit the term of a lease extending beyond 40 years and no more.

2. The second reason urged as to the lease's invalidity concerns whether prospective bidders were afforded adequate notice of the property which was to be leased. The State argues that since the published invitation to bid referred to the lease of air rights on the property in question, while the lease itself confers ground and air rights, the lease was not made upon competitive bidding as required by law because prospective bidders were led to believe by the advertisements inviting bids that only "air rights" would be leased.

The statute, Ga. L. 1950, pp. 408, 409-410, provides that the commission is vested with full power and authority "to ascertain, consider and determine the terms and conditions upon which the overhead, or underground rights or property not useful for railroad purposes . . . shall be leased," and except as limited by the Act all terms and conditions upon which the property might be leased were to be determined and prescribed by the commission; that "leases shall be made upon competitive bidding after 60 days advertisement . . . and shall be let to the highest bidder." The pertinent portions of the invitation for bids are: that "sealed proposals for the leasing of the Air Rights of the Western and Atlantic Railroad . . . are invited"; that the property appears on the plat to which reference is made on file in designated offices; that bids are invited under the Act of 1950; that "bids may be received for said property or air rights in its entirety or as a part." Under the lease contract the defendant was granted "the ground and air rights not in use for railroad purposes" to the described premises.

It should be observed that the Act made no specific requirements as to the contents of the invitation for bids but only that the leases be made upon competitive bidding. "A substantial compliance with any requirement of the Code, or law amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." *Code* § 102-102 (6). Thus, absent a showing that the lease was not made upon competitive bidding, lack of exactness in the advertised invitation for bids would not defeat the lease.

We held in *Dyson v. Dixon*, 219 Ga. 427, 428 (134 SE2d 1), that, where the statute showed that factors other than price were to be considered in evaluating bids, bidders must be charged with knowledge and held to be on notice of such additional criteria. The State concedes that air rights include the right to support. Hence, while the language contained in the invitation for bids was somewhat ambiguous, presumably any interested bidder, if in doubt, could have obtained information from the commission as to what "said property or air rights" encompassed; for there is nothing to indicate that further terms and conditions of the lease were not available from the commission.

The invitation for bids, when taken in conjunction with the plat, referred to therein, and the cited statute, was not so vague, indefinite or misleading as to negate competitive bidding as required by the Act of 1950 and there is nothing to show that the lease of the property lacked competitive bids.

*Judgment affirmed. All the Justices concur, except Cook, J., disqualified.*

ARGUED JULY 14, 1966—DECIDED SEPTEMBER 8, 1966.

*Arthur K. Bolton, Attorney General, Paul L. Hanes, Harold N. Hill, Jr., Assistant Attorneys General,* for appellant.

*Arnall, Golden & Gregory, Cleburne Gregory,* for appellee.