## 57646. CALDWELL v. ATLANTA BOARD OF EDUCATION.

Smith, Judge.

In this administrative action initiated by a former employee for unemployment compensation appellee Board of Education appealed to the superior court from the decision rendered by the board of review, which held that appellee's former employee was qualified for compensation. The trial court reversed the board of review. Because the requirements of Ga. L. 1956, p. 625 (Code Ann. § 3-116) were not met, we reverse.

1. The former employee did not file a notice of appeal from the judgment of the trial court. Appellee cites that fact as foundation for its propositions that the issues raised on appeal are moot and the Commissioner of Labor lacks standing to prosecute the appeal. Those propositions lack merit. Under the Employment Security Law (Ga. L. 1937, p. 806 et seq.) (Code Ann. §§ 54-601 through

54-660), as the official ultimately responsible to the public for the administration and enforcement of that law, the commissioner is aggrieved by a decision which, in his estimation, incorrectly applies the law. Ga. L. 1937, pp. 806, 817 (Code Ann. § 54-618) provides specifically that the commissioner was deemed a party to the superior court action. Another provision of the Employment Security Law, Ga. L. 1978, pp. 1386, 1395 (Code Ann. § 54-619), likewise calls for the commissioner's participation as an interested party, for the protection of the public: ". . . As a guide for future interpretation of the law, when the commissioner is aggrieved by or deems any decision by the board of review contrary to the law, and no other party enters an appeal therefrom, he may, within 20 days after such decision has become final, appeal and certify to the superior court questions of law therein involved, and said court shall consider and determine the same and enter a decree accordingly which shall be subject to further appeal by the commissioner . . ." No constitutional attack has been made upon any portion of the Employment Security Law, and, by virtue of that legislation, the appeal does present a justiciable controversy and the commissioner has standing to pursue it. See also Ga. L. 1937, pp. 806, 822, as amended (Code Ann. § 54-625.)

2. Appellee asserts that, because the commissioner failed to file an answer, CPA § 55 (Code Ann. § 81A-155) required that appellee's superior court petition stand admitted. That assertion is meritless. Ga. L. 1978, pp. 1386, 1395 (Code Ann. § 54-619), removed the former statutory mandate that the commissioner file an answer. Further, Code Ann. § 54-619 provides in part: "In any judicial proceeding under this section the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." It is apparent, therefore that the review by the superior court is appellate in nature and the provisions of the Civil Practice Act do not apply. *Howell v. Harden,* 231 Ga. 594 (1) (203 SE2d 206) (1974).

3. "Any verdict, decision, judgment, decree, order, ruling or other judicial action by any court in this State in

any matter in which the State of Georgia, or an official of the State of Georgia in his official capacity, is a party defendant, intervenor, respondent, appellee or plaintiff in fi. fa., shall be void unless it affirmatively appears as a matter of record either (a) that the Attorney General was given five days advance written notice by the adverse party, or his attorney, of the time set for the particular trial, hearing or other proceeding as a result of which such verdict, decision, judgment, decree, order, ruling or other judicial action was entered, or (b) that the Attorney General or an Assistant Attorney General was present in person at such trial, hearing or other proceeding, or (c) that the Attorney General or an Assistant Attorney General has, in writing, waived such notice." Ga. L. 1956, p. 625 (Code Ann. § 3-116). The record does not show affirmatively that the Attorney General was extended the requisite notice of the proceeding upon which the trial court's judgment was based, that he made an appearance, or that he waived notice. That being the case, the judgment is void. Ibid.

4. Because of our reversal for the reason stated in Division 3, we do not consider the remaining enumerations of error.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED APRIL 5, 1979 — DECIDED NOVEMBER 14, 1979.

*Arthur K. Bolton, Attorney General, George P. Shingler, Assistant Attorney General,* for appellant.
*Warren C. Fortson, Bruce H. Beerman,* for appellee.