72063, 72064, 72066. PIERCE et al. v. CESSNA AIRCRAFT COMPANY et al. (three cases).
72065. NESBIT et al. v. CESSNA AIRCRAFT COMPANY et al.
(347 SE2d 261)

POPE, Judge.

These suits and resulting appeals arise from an airplane crash in Tennessee in April 1976. Appellants brought actions in April 1977 against various defendants, including appellee Cessna, for personal injury and wrongful death resulting from the crash. In October 1977 Cessna moved the trial court to dismiss for failure to state a claim Count Two of the original complaints, which sought to recover from Cessna for wrongful death on the theory of strict liability. The trial court granted this motion, but made no determination that the order was a final judgment pursuant to OCGA § 9-11-54 (b). Thereafter, no orders were taken in the case for a period of five years, and the cases were automatically dismissed pursuant to OCGA § 9-2-60 (b).

Within six months, appellants renewed the actions as allowed under OCGA § 9-2-60 (c). The renewed complaints contained allegations against Cessna for wrongful death on the theory of strict liability. Cessna moved the trial court for partial summary judgment regarding the strict liability counts on the ground of res judicata from the October 1977 order. The trial court granted this motion, and these appeals follow. *Held*:

The issue presented is whether the October 1977 order dismissing the strict liability counts against Cessna in the previous cases is res judicata in the present actions brought under the provision of the renewal statute. "In order for the doctrine of res judicata to apply, or for a party to take advantage of the doctrine in a subsequent suit brought against him after the termination of the first, there are three prerequisites to which the situation must conform. They are: (1) identity of parties; (2) identity of the cause of action; and (3) adjudication by a court of competent jurisdiction. All of these elements must occur. [Cits.]" *Lewis v. Price*, 104 Ga. App. 473, 474-75 (122 SE2d 129)

(1961). In the present cases there is no dispute that there is identity of parties and causes of action. However, we must determine whether the October 1977 order "adjudicated" the issue of strict liability between these parties. We find that it did not.

" 'The entry of a judgment as to one or more but fewer than all of the claims *or parties* is *not a final judgment under [OCGA § 5-6-34 (a) (1)]* and lacks res judicata effect unless the trial court make[s] an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists. [Cits.]' " *Wise v. Ga. State Bd. &c. of Architects*, 244 Ga. 449 (260 SE2d 477) (1979). The record shows that the previous actions in which the orders dismissing the strict liability claims were taken were multi-claim, multi-party actions. An examination of the record shows that the October 1977 order contained no express direction that a final judgment be entered. Thus, the present cases are controlled by *Wise*, supra, as well as by *Horn v. Terminal Transport Co.*, 126 Ga. App. 169 (190 SE2d 158) (1972). In *Horn* the defendant in two negligence actions appealed the denial of his motions for summary judgment on res judicata grounds. The plaintiffs in the appeal were originally among four plaintiffs in a previously filed suit based upon the same occurrence which formed the basis of the suit on appeal. In the earlier action, the defendant obtained an order dismissing the two plaintiffs involved in the action on appeal. After being dismissed in the previous suit, the plaintiffs then brought the new action. This court ruled that since the order in the earlier case did not expressly direct that judgment be entered, and that since the order was subject to revision at any time prior to entry of final judgment on all claims and parties, res judicata did not apply. ·

The situation in the present cases is similar to that in *Horn*. No entry of judgment on all claims and all parties was made in the previous cases. They were dismissed automatically as a result of the five-year rule set out in OCGA § 9-2-60 (b). Such a dismissal is not on the merits, *City of Chamblee v. Village of North Atlanta*, 217 Ga. 517 (3) (123 SE2d 663) (1962), and no appeal would lie from such a dismissal. See *Salter v. Chatham County*, 136 Ga. App. 914 (2) (222 SE2d 638) (1975). Thus, the October 1977 order is not res judicata in the present cases.

We cannot agree with appellee's argument that even if the previous order is not res judicata, it remains binding on the parties as law of the case. The previous cases were dismissed. The present cases are de novo proceedings, and the rulings in the previous cases are not binding in the present ones. *Kenemer v. Ark. Fuel Oil Co.*, 67 Ga. App. 587 (2) (21 SE2d 448) (1942); *Bishop v. Greene*, 62 Ga. App. 126 (1) (8 SE2d 148) (1940).

Appellee's reliance on *Bearden v. Longino*, 183 Ga. 819 (190 SE

12) (1937), is misplaced. There, the petitioner had a final order from which he could appeal, and, although he failed to perfect his appeal, he could not then seek to relitigate the same question in the court of equity again. This is clearly distinguishable from the present cases where no appeal was possible from the October 1977 order absent an order allowing immediate review. Appellants were under no obligation to appeal from that order at the time, see *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978), and had no opportunity to appeal the order thereafter, as we have discussed above. Therefore, the trial court erred in its determination that the October 1977 order was res judicata on the same issue of the strict liability count for wrongful death in the present suits.

*Judgments reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 6, 1986 —
REHEARING DENIED JULY 1, 1986 —

*Glover McGhee, Carroll G. Jester, Jr.*, for appellants.
*Deborah A. Finnerty, J. Arthur Mozley, Meade Burns*, for appellees.