72962. BAINBRIDGE & ASSOCIATES, ARCHITECTS, P. A.
v. JOHNSON et al.
(360 SE2d 273)

POPE, Judge.

Appellant filed this suit on December 17, 1980, alleging that appellees Kevin Johnson and Cordia Middleton were indebted to it for professional services rendered. Responsive pleadings were filed by appellees in January of 1981 denying the allegations of the complaint. The action lay dormant until November 12 and December 9, 1985, when the two appellees each filed a motion for summary judgment supported by their affidavits. Having received no timely response to these motions, the trial court on March 4, 1986 entered orders granting summary judgment to both appellees, from which this appeal was taken. *Held*:

Appellees have moved to dismiss this appeal pursuant to OCGA § 9-2-60 (b), which provides for automatic dismissal of "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years . . . with costs to be taxed against the party plaintiff." "In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk. . . . [T]he statute's provisions are mandatory and dismissal is automatic and by operation of law. The statute places upon a plaintiff who wishes to

avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five-year period and to make sure the same is entered in the record. Neither the trial court nor this court has the discretion to reinstate this case." (Citations, indention and punctuation omitted.) *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1, 2) (309 SE2d 635) (1983). Accord *Intl. Longshoremen's Assn. &c. v. Saunders*, 182 Ga. App. 301 (1) (355 SE2d 461) (1987); *Beck v. Dean*, 177 Ga. App. 144 (338 SE2d 693) (1985).

The record does not show that any written order of continuance, or of any other kind, was taken after the filing of the instant action on December 17, 1980 until the March 4, 1986 order granting summary judgment to appellees, a period of more than five years. "[A]fter automatic dismissal as required by the statute, the case is no longer pending, and any further action, even trial and verdict, is a mere nullity. . . . It is 'lifeless for all purposes.' [Cit.]" *Salter v. Chatham County*, 136 Ga. App. 914, 915 (222 SE2d 638) (1975). The operation of OCGA § 9-2-60 (b) cannot be waived by a party litigant. *Swint v. Smith*, 219 Ga. 532 (3) (134 SE2d 595) (1964). Accordingly, appellees' motion to dismiss this appeal must be granted. See *Pierce v. Cessna Aircraft Co.*, 179 Ga. App. 549, 550 (347 SE2d 261) (1986).

*Appeal dismissed. McMurray, P. J., and Carley, J., concur.*

DECIDED JULY 10, 1987 —
REHEARING DENIED JULY 24, 1987 —

*Robert H. Hishon*, for appellant.
*John A. Sherrill, Ronald W. Rogers*, for appellees.