74726. STEPHENS v. STOVALL & COMPANY, INC.
(360 SE2d 638)

BEASLEY, Judge.

The trial court granted judgment in favor of Stovall and Company, Inc. in its suit on account against Stephens, after the court found as a matter of law that the case had been settled, and granted the company's motion to compel settlement. Stephens enumerates this as error on the ground that the case should have been automatically dismissed under OCGA § 9-2-60 (b) because no written order was taken in the case for more than five years.

Plaintiff filed suit on December 9, 1977. Defendant filed his answer and a motion for a more definite statement on January 11, 1978, and on April 11 an order was entered dismissing defendant's motion for want of prosecution. Plaintiff filed an amendment to the complaint on June 26, 1981. The record over the next five years contains little other than letters from the parties' counsel to the clerk of court requesting that the case be removed from calendars because settlement was being negotiated and the appearances and withdrawals of various counsel.

In July 1986, new counsel for plaintiff requested that the case be restipulated to the next available trial calendar. On October 16, plaintiff moved the court to compel settlement of the action or in the alternative to allow the filing as a second amendment to the complaint. Attached was a copy of a letter which plaintiff maintained evidenced acceptance by defendant in 1981 of an offer to settle. Defendant, also represented by new counsel, demanded a jury trial. On October 29, 1986, approximately eight and one-half years after the last written order filed in the case, the court entered an order of continuance to reschedule the action to a December jury calendar. Less than one month later, on November 20, the court issued judgment without a hearing, finding as a matter of law that the case was settled between the parties' respective attorneys in August 1981. The following day, despite the judgment, defendant filed his prepared motion to dismiss

and motion for summary judgment under OCGA § 9-2-60 (b). They were not ruled on, having been mooted by entry of the judgment.

1. OCGA § 9-2-60 (b) provides for automatic dismissal when no written order is taken for a period of five years. This is mandatory and dismissal is automatic and by operation of law. Any further action other than dismissal is a mere nullity. *Bainbridge & Assoc. v. Johnson*, 183 Ga. App. 784 (360 SE2d 273) (1987).

Plaintiff argues that the "five-year rule" is inapplicable because the case was compromised and settled in 1981. Even if the correspondence relied on by plaintiff was proper evidence of a settlement, this would not thwart the mandate of OCGA § 9-2-60 (b) and breathe life into the litigation.

The statutory provision "has at least the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel, . . ." *Swint v. Smith*, 219 Ga. 532, 534 (3) (134 SE2d 595) (1964). Certain exceptions have been made, such as a default in an action for liquidated damages or a jury verdict not reduced to judgment within the passage of five years. See *Faircloth v. Cox Broadcasting Corp.*, 169 Ga. App. 914 (315 SE2d 434) (1984). These exceptions are consistent with the principle that in the exercise of its inherent power, a court of record has continuing jurisdiction to enter judgment on a jury verdict at any time. Moreover, a belated judgment can be made to conform to a verdict or a default in a liquidated claim without reference to evidence outside the record, which might be difficult or impossible to obtain after a case remains dormant for more than five years. Id. at 915.

Settlement, on the other hand, is an agreement between or among the parties without intervention of judge or jury. It resolves the dispute outside of the litigation. The litigation, if unpursued by the parties by even as little as an order of continuance while settlement is being processed, thereby remains unresolved and becomes precisely a situation which OCGA § 9-2-60 (b) was intended to end.

Accordingly, the case on which this appeal is based was no longer pending in the court below by operation of law well prior to the court's judgment for plaintiff, rendering that judgment lifeless. Thus, even if the judgment were otherwise proper, which we do not decide, it cannot stand.

2. Our decision in Division 1 makes it unnecessary to address appellant's remaining attack on the judgment.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

Decided September 8, 1987.

*James D. Hogan, Jr.*, for appellant.

*James D. Mitchell*, for appellee.