## A89A1421. LOFTIN v. PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY.
(388 SE2d 525)

BEASLEY, Judge.

On January 4, 1982, Ideal Enterprises, Inc., brought an action against Loftin seeking recovery of money owed it for cleaning, moving and restoring Loftin's personal property following a fire on January 14, 1981. Loftin answered and filed a counterclaim and a third-party action against Prudential Property & Casualty Company. Prudential's motion for summary judgment was denied on July 20, 1982. Pleadings were filed afterwards in 1982 and in early 1985. In April 1985 Prudential's counsel was granted an unopposed leave of absence for ten days. In September 1988 Loftin filed interrogatories and requested a hearing on certain matters. At the hearing on February 22, 1989, the trial court dismissed the action pursuant to OCGA § 9-2-60 (b).

Loftin urges that he was deprived of his right to be heard and the right to prove his case, and that dismissal violated OCGA §§ 9-11-41 and 9-2-60. The issue is whether the unopposed grant of a ten-day leave of absence to third-party defendant's counsel constituted an order within the meaning of OCGA § 9-2-60.

The Code section provides for automatic dismissal when no written order is taken for a period of five years; this is mandatory and dismissal occurs by operation of law. *Stephens v. Stovall & Co.*, 184 Ga. App. 78, 79 (1) (360 SE2d 638) (1987). In order to break the running of the five-year dormancy period the order has to be in writing, signed and entered. *Swint v. Smith*, 219 Ga. 532 (134 SE2d 595) (1964); *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (309 SE2d 635) (1983). The grant of a continuance is an order which requires a fresh five-year period from its entry. OCGA § 9-2-60 (a).

*West v. Dept. of Transp.*, 174 Ga. App. 603 (330 SE2d 803) (1985), considered whether the grant of a leave of absence to counsel sufficed to avoid operation of OCGA § 9-11-41 (e), the substantial equivalent of OCGA § 9-2-60 (b). See *Fulton County v. Corp. &c. Latter Day Saints*, 133 Ga. App. 847, 849 (212 SE2d 451) (1975); *Simmerson v. Blanks*, 183 Ga. App. 863 (360 SE2d 422) (1987). The order in *West* failed to identify the specific case and it was never entered in the record. Thus, no written order was taken in that case for the purposes of OCGA § 9-11-41 (e). The decision did not hold that the grant of a leave of absence was *per se* not such an order as contemplated by the Code section.

The present order was written, signed and entered on the records of the clerk. As pointed out in *Scott v. DeKalb County Hosp. Auth.*, supra at 548, "[t]he statute 'places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some

time during a five year period." Although the order was obtained by defense counsel, not by plaintiff, it met all the stated requirements of being written, signed and entered. The Code only mandates that a written order be taken. Plaintiff need not initiate the process but only insure that an order is entered before five years elapse.

Thus, as implied in *West*, the subject order was such as would require the passage of five dormant years from the time of its entry to warrant automatic dismissal. That time not having elapsed, dismissal by operation of law had not occurred.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 16, 1989 —
REHEARING DENIED NOVEMBER 14, 1989 — 

*Dean Covington*, for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby, Eve A. Appelbaum*, for appellee.