A91A2169, A91A2170. DEPARTMENT OF MEDICAL ASSISTANCE v. COLUMBIA CONVALESCENT CENTER, INC. et al.; and vice versa.
(417 SE2d 195)

McMURRAY, Presiding Judge.

Defendant Georgia Department of Medical Assistance is the state agency designated pursuant to federal law to supervise administration of Medicaid nursing home reimbursement. The seven plaintiffs are nursing homes which contested a change implemented in the limits for reimbursement in the property and related cost centers for those nursing homes having property transactions after May 6, 1981. A hearing officer concluded that the change in reimbursement rate had been accomplished in compliance with applicable state and federal statutes and regulations. A review by the Commissioner of the Department of Medical Assistance upheld the hearing officer's decision and the nursing homes filed their petition for judicial review on October 12, 1984.

The superior court overturned the hearing officer's decision and ordered reinstatement of the previous rate of reimbursement. Defendant moved to set aside the superior court's order on the ground that the superior court lacked subject matter jurisdiction to enter such an order since the plaintiffs' case was automatically dismissed by operation of law because no written order was properly entered for a period of over five years. After the superior court denied defendant's motion to set aside, this court granted defendant's application for permission to appeal. Defendant Georgia Department of Medical Assistance appeals in Case No. A91A2169 while plaintiffs cross-appeal in Case No. A91A2170. *Held*:

1. OCGA § 9-2-60 (b) provides that: "Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed. . . ." The operation of this provision cannot be waived by the parties. *Harris v. Moody*, 144 Ga. App. 656 (242 SE2d 321).

OCGA § 9-10-2 provides that: "Any verdict, decision, judgment, decree, order, ruling, or other judicial action by any court in this state in any matter in which this state or an official of this state in his

official capacity is a party defendant, intervenor, respondent, appellee, or plaintiff in fi. fa. shall be void unless it affirmatively appears as a matter of record either: (1) That the Attorney General was given five days' advance written notice by the adverse party or his attorney of the time set for the particular trial, hearing, or other proceeding as a result of which the verdict, decision, judgment, decree, order, ruling, or other judicial action was entered; or (2) That the Attorney General or an assistant attorney general was present in person at the trial, hearing, or other proceedings; or (3) That the Attorney General or an assistant attorney general has, in writing, waived the notice." See generally *Caldwell v. Atlanta Bd. of Education*, 152 Ga. App. 291, 292 (3), 293 (262 SE2d 573); *Cofer v. Williams*, 141 Ga. App. 72 (232 SE2d 610).

In the five-year interval following the filing of the plaintiffs' petition for judicial review on October 12, 1984, two orders of the superior court were entered. However, in neither instance was there compliance with the notice provisions of OCGA § 9-10-2. Therefore, the two orders are void and ineffective to prevent an automatic dismissal pursuant to OCGA § 9-2-60 (b). Thus, the case sub judice was dismissed by operation of law on October 12, 1989, and any further action in the case other than dismissal is a mere nullity. *Stephens v. Stovall & Co.*, 184 Ga. App. 78, 79 (1) (360 SE2d 638); *Bainbridge & Assoc. Architects, P.A. v. Johnson*, 183 Ga. App. 784 (360 SE2d 273). It follows that the February 14, 1991, order of the superior court, nunc pro tunc to September 28, 1989, which records an oral continuance agreement of that date between counsel and confirmed by the superior court, was not effective to revive the already extinguished case. An automatic dismissal under OCGA § 9-2-60 (b) results as a matter of law, and the court has no discretion to order it reinstated. *Kachwalla v. Byrne*, 198 Ga. App. 454 (402 SE2d 74); *Earp v. Kranats*, 184 Ga. App. 316, 317 (361 SE2d 217). See also *Paris v. C & S Nat. Bank*, 140 Ga. App. 417 (231 SE2d 357) and *Freeman v. Ehlers*, 108 Ga. App. 640 (134 SE2d 530). The superior court erred in entering the February 14, 1991, order and in denying defendant's motion to set aside.

2. In the cross-appeal, plaintiffs challenge the constitutionality of OCGA §§ 9-2-60 and 9-10-2. These issues lie within the exclusive jurisdiction of the Supreme Court of Georgia. Article 6, Section 6, Paragraph II (1) of the Constitution of the State of Georgia of 1983. Therefore, upon receipt of these appeals they were transferred to the Supreme Court, but were returned because the constitutional issues raised in the cross-appeal had not been ruled on by the trial court. In this regard, we note that the constitutional issues were raised in the superior court by plaintiffs in opposition to defendant's motion to set aside but were not reached under the view of the case taken by the superior court and which we reverse in Division 1 of this opinion.

Therefore, we remand Case No. A91A2170 to the superior court in order that the court may consider plaintiffs' constitutional issues in the light of our holding in Division 1.

*Judgment reversed in Case No. A91A2169. Case No. A91A2170 remanded with direction. Sognier, C. J., and Cooper, J., concur.*

DECIDED MARCH 11, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992 —

*Michael J. Bowers, Attorney General, William C. Joy, Kathryn L. Allen, Senior Assistant Attorneys General, for appellant.*

*Heard, Leverett & Phelps, E. Freeman Leverett, Dallas, Fowler & Wills, Albert H. Dallas, for appellees.*