12648.  SPENCER *v.* NORTHWESTERN NATIONAL INSURANCE COMPANY.

HILL, J.  1.  In a suit on an open account the original petition alleged that the defendant was indebted to the petitioner " in the principal sum of two thousand one hundred seven & 94/100 dollars for the net balance of insurance premiums on policies of insurance written by the defendant in behalf of petitioner as local agent in said county;" and an exhibit was attached to and made a part of the petition, showing the various amounts, the months when due, and the interest on each amount, which together made the total sum sued for.  To meet a demurrer, an amendment was made, giving a minutely itemized statement of the account, and the demurrer was overruled.  *Held:* No error. *Southern Ry. Co.* v. *Grant,* 136 *Ga.* 303 (71 S. E. 422, Ann. 1912C, 472).

2.  In all cases involving matters of account the judge may, upon the application of either party, or upon his own motion, where in his judgment the facts and circumstances of the case require it, appoint an auditor to investigate such matters of account.  Civil Code (1910), § 5128.  This statutory discretion will not be interfered with, unless abused.  *Martin* v. *Foley,* 82 *Ga.* 552 (9 S. E. 532); *Mayor &c. of Gainesville* v. *Jaudon,* 145 *Ga.* 303 (89 S. E. 210).

3.  An action on open account, with bill of particulars attached, consisting of several hundred items of alleged indebtedness, where the defendant denies each paragraph of the petition, making it necessary to examine the books of both plaintiff and defendant, thus constituting complex and intricate matters of account which cannot be conveniently and safely examined in a court by a jury, may be properly referred to an auditor.  The present record shows clearly such a case.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED NOVEMBER 18, 1921.

Complaint; from Muscogee superior court — Judge Munro. May 19, 1921.

The case came to this court on exception to the appointment of an auditor, the plaintiff in error (defendant in the court below) contending that he was entitled " to have the issues made by the pleadings tried by a jury, and not by an auditor."

*McCutchen & Bowden,* for plaintiff in error.

*Slade & Swift,* contra.