20482. MOBLEY, superintendent of banks, *v.* FAULK *et al.*

*Carl N. Davie, Park & Strozier,* for plaintiff in error.

*J. D. Shannon, H. F. Griffin, L. D. Moore, Hall, Grice & Bloch,* contra.

JENKINS, P. J. The instant case is a suit by the superintendent of banks against the directors of a defunct bank to recover losses alleged to have been sustained on account of negligent mismanagement of its affairs by the directors, the transactions which were alleged to have resulted in loss being specifically set forth. The jury found in favor of the defendants, and the plaintiff contends that the evidence indisputably showed negligence on the part of the defendants by reason of their having sought to transfer and assign the absolute right and power to make loans to a financial agent, the exercise of which power by such agent resulted in loss and damage to the bank. The judge charged the jury that "the making of loans and discounts is an inalienable function of the directors. The authorization and approval of loans must be made by the directors themselves. Such power resides in them alone and exclusively. They can not part with it or delegate it to any officer or agent. If they delegate it to any one else and a loss results, they are liable for such loss. If you believe, from the evidence in this case, that the defendants as directors of the Twiggs County Bank delegated to another the power to make loans for the bank, and that as a result thereof money of the bank was lost, then I charge you that the plaintiff would be entitled to prevail, and you should answer the questions submitted to you accordingly." Thus the court in effect charged that the directors became insurers for all loans made by virtue of any absolute delegation of authority to make loans, irrespective of what degree of diligence might have been exercised by such agent. The sole issue contested appears

to have been whether or not the power and authority to make loans had been absolutely transferred and assigned. As stated by counsel for the plaintiff, the only question involved is: "Can the directors of a bank delegate to a third person power to make loans for the bank? Plaintiff's contention is that the power to make loans is non-delegable, and that whether the directors acted in good faith in making such delegation is entirely immaterial." On the trial the plaintiff moved that the case be referred to an auditor for the purpose of determining the amount of liability resting upon the directors. This motion was overruled, and the court submitted the question to the jury whether, under the proof submitted, any liability in fact existed against the directors. The jury, on the determination of that issue, having found in favor of the defendant directors, and the court having overruled a motion for new trial, plaintiff excepted.

1. Under the Civil Code (1910), §§ 5127, 5128, any case, at law or in equity, in the superior court or city court, may, if the case shall require it, be referred to an auditor to investigate and report the result to the court. All or any part of the facts may be referred to an auditor (*Massachusetts Bonding &c. Co.* v. *Realty Trust Co.*, 139 *Ga.* 180 (3), 77 S. E. 86), but such a reference is a matter resting largely in the discretion of the court, and the exercise of such discretion will not be interfered with unless abused. *Mayor &c. of Gainesville* v *Jaudon*, 145 *Ga.* 299, 303 (89 S. E. 210); *Spencer* v. *Northwestern National Ins. Co.*, 27 *Ga. App.* 710 (109 S. E. 510). Where a suit was proceeding in the name of the superintendent of banks against the directors of a defunct bank to recover for losses alleged to have been sustained by reason of violations by the directors of their duties in managing the affairs of the bank, and where, in the event of liability, an accounting would be necessary, it was not an abuse of discretion, or error requiring the grant of a new trial, for the presiding judge to overrule a motion to refer the proceeding to an auditor, and then submit to a jury for determination the issues of fact as to whether the defendants had or had not been guilty of negligence in relation to the specific matters charged by the petition.

2. "The general rule in this State is that directors of a bank must exercise ordinary care and diligence in the administration of its affairs. The active management of the bank may be delegated

to certain officers authorized to manage its business. The directors, however, must exercise a reasonable supervision over such officers." *Woodward* v. *Stewart,* 149 *Ga.* 620 (101 S. E. 749) ; *Shannon* v. *Mobley,* 166 *Ga.* 430 (143 S. E. 582).

3. "No bank shall be allowed to lend to any one person, firm, or corporation more than twenty (20) per cent. of its capital and unimpaired surplus," Ga. L. 1922, p. 68, sec. 13 (Park's Code Supp. 1926, § 2280 (m)). "And the directors of any bank who shall approve or permit any loan to be made in excess of such limit shall be personally and individually liable and responsible for such loan in the event the same shall not be paid by the borrower." Ga. L. 1919, p. 198, sec. 14 (Park's Code Supp. 1922, § 2280 (n)).

4. "No loan shall be made in excess of ten (10) per cent. of the capital and surplus except upon good collateral or other ample security and with the approval of a majority of the directors, or of a committee of the board of directors authorized to act, which approval shall be evidenced by the written signatures of said directors or the members of said committee." Ga. L. 1922, p. 68, sec. 13 (Park's Code Supp. 1926, § 2280 (m)).

5. As to loans of less than ten per cent. which under the rules and regulations of the by-laws might be made by designated agents and officers of the bank, it is nevertheless incumbent upon the directors, in the exercise of ordinary care and diligence, to retain a general supervision over the acts and doings of such agents and officers in making such loans, and to keep sufficiently informed about them to enable themselves from time to time to pass intelligently upon the value of such loans and the condition of the bank which they are charged with the duty of supervising. Accordingly, directors are not justified in absolutely relinquishing to any officer or agent unlimited discretion, and thereafter acquiescing blindly in all that he does, but under the general duty devolving upon them to manage the bank's affairs, they must retain and exercise reasonable control and supervision over such officers, amounting to the exercise on their part of ordinary care and diligence. Thus, should it appear that the directors had absolutely surrendered and relinquished their control and supervision over the agents and officers in the making of such loans, there would be a failure on their part to perform the functions devolving upon them by law. which would necessarily amount to a lack of ordinary

care and diligence on their part as directors. If, however, in the determination of the issue as to whether or not the directors had ceased to function as such by absolutely surrendering their supervision over the officers and agents in the making of such loans, it appears that the acts of the cashier, financial agent, or such officer who was authorized by the by-laws to make such loans, were not only from time to time supervised by the directors, but that prior to the making of all such loans the directors, in each case, actually passed upon the application proposed by the financial agent, and approved the making of the loan by the cashier, it can not be said, beyond dispute and as a matter of law, that the directors had surrendered their function to the financial agent for the reason that in almost all cases they adopted the judgment of the financial agent as their judgment in approving the loans proposed by such agent.

(a) Nor can it be said, as a matter of law, where the evidence showed that the financial agent selected by the directors under authority of the by-laws was a banking institution of long standing, bore an excellent reputation for honesty and trustworthiness, and was highly rated by commercial agencies and banking institutions, and was managed by men of long experience in the banking business, that in acting and relying upon information furnished by such financial agent as to the value of securities offered, and the financial standing of borrowers, on loans negotiated through it, the directors were guilty of a failure to exercise ordinary care and diligence in managing the affairs of the bank.

6. Two of the items sued on related to deposits of surplus funds, amounting to less than ten per cent. of the bank's capital, by the financial agent, made in pursuance of authority given it under the by-laws, in other banks, subject to call, that is, immediate withdrawal, and subject to approval by the directors. Under the rule stated above, whether or not these items should be classed as loans, it appears that such deposits were submitted to the directors for their approval, and at the time they were approved it was within their power to withdraw such funds immediately by checking them out of the banks wherein they were placed subject to immediate withdrawal. It can not, therefore, be said, as a matter of law, that such open deposits subject to approval or immediate withdrawal amounted to an absolute delegation to the financial agent of the

power and authority to make loans, free from supervision by the directors. Especially would such transactions fail to show a lack of ordinary care and diligence on the part of the directors where, as in this case, there was no proof going to show that the banks in which such call money was deposited were insolvent at the time the deposits were made.

7. It was not error to admit evidence as to the financial standing and responsibility, reputation, and ability of the corporation selected by the directors, pursuant to authority conferred by the stockholders, as financial agent, and as to the experience, reputation and ability of the persons managing the affairs of such corporation, since such testimony threw light upon the question as to whether the directors were in the exercise of ordinary care in approving the judgment of the financial agent and in relying upon information furnished by it.

8. Under the foregoing rulings, the verdict for the defendants was authorized, and it can not be legally set aside for any of the reasons assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*