UNIVERSAL GARAGE COMPANY INC. *v.* FOWLER.

No. 11859. June 17, 1937. Rehearing denied July 10, 1937.

*James A. Branch* and *Thomas B. Branch Jr.,* for plaintiff.
*Allen Post* and *Howell & Post,* for defendant.

JENKINS, Justice. The plaintiff filed against an employee what is designated as an equitable petition, praying for an accounting in equity and a judgment for whatever amount might be found due. While it was pleaded that the transactions were intricate and complicated, so as to render the remedy at law inadequate, the facts stated show only an alleged misappropriation of funds from the plaintiff's cash register during the period from 1925 to 1929, and their alleged fraudulent concealment by incorrectly writing and reporting on paper strips the daily totals of cash-sale items, shown by the cash register itself only by items without totals, and that these alleged misappropriations were not discovered by the plaintiff until 1936 because of such conduct of the defendant. By an amendment the specific sums claimed were itemized in detail by dates and amounts. The petition was dismissed on demurrer which raised the defense of the statute of limitations. Under the rulings in *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538), *Arthur Tufts Co.* v. *DeJarnette Supply Co.,* 158 *Ga.* 85 (123 S. E. 16), *Gormley* v. *Slicer,* 178 *Ga.* 85 (172 S. E. 21), and similar decisions, this court is without jurisdiction to determine the questions presented by the petition and demurrer, and the case must be transferred to the Court of Appeals, since the alleged facts show no unusual com-

plication in the transactions or other ground for equitable relief additional to the relief which might be afforded by an accounting and judgment at law. Code, §§ 10-102, 37-301.

*Transferred to Court of Appeals. All the Justices concur.*