## 62668. McDONALD v. GEORGIA KRAFT COMPANY.

BIRDSONG, Judge.

Boundary Line Dispute. Ordinarily this case would be transferred to the Supreme Court as a case involving land and equity. However, we can dispose of the case without a consideration of the merits. The facts show that on November 4, 1976, the appellee Georgia Kraft Co. filed a boundary line dispute seeking redress for alleged trespass and false claims to ownership by the appellant McDonald to land claimed by Georgia Kraft. Trial was held in August, 1978 and a jury verdict returned in favor of Georgia Kraft on August 31, 1978. On September 19, 1978 and before judgment was entered on the jury verdict, Mrs. McDonald, pro se, prematurely sought to enter a motion for new trial. Judgment ultimately was entered in favor of Georgia Kraft on September 27, 1978. Mrs. McDonald then entered a second motion for new trial on October 20, 1978. A hearing on the second motion for new trial was held on November 13, 1978. The trial court denied and dismissed the motion for new trial because Mrs. McDonald, still proceeding pro se, did not cause to be prepared a transcript of the proceedings nor was the motion illuminated by appropriate citations of authority or meaningful argument.

After denial of the second motion for new trial on November 13, 1978, Mrs. McDonald, on December 11, 1978, filed an application for extension of time to file an appeal. This motion was denied on December 27, 1978, apparently because of a lack of diligence in preparing a record and transcript.

Eventually after persistent and continuing efforts by Mrs. McDonald to lay claim to the title to the land (2.96 acres in Polk County), Georgia Kraft moved the court to dismiss any appeal or subsequent appeal filed by Mrs. McDonald because of lack of diligence in obtaining and filing a transcript or otherwise lawfully perfecting her appeal. This motion was heard and sustained by the trial court on May 8, 1979. On May 21, 1979, Mrs. McDonald filed yet another motion seeking the presentation of "new evidence" before the trial court. This motion was denied on July 3, 1979. On February 17, 1981, Mrs. McDonald filed a complaint in equity seeking to

perfect her claim. This was denied by the trial court on the same date. On March 11, 1981, Mrs. McDonald filed her notice of appeal but that appeal is limited to the judgment which was first entered on September 27, 1978. That judgment for all apparent purposes became final when the trial court entered its order of May 8, 1977 dismissing her appeal for want of diligence and prosecution.

Though there has been a plethora of actions and motions filed after May 8, 1979, Mrs. McDonald seeks now to pursue an appeal to an order which became final at least 22 months before her notice of appeal was filed. *Held:*

The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court. *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530); *Patterson v. Professional Resources,* 140 Ga. App. 315, 316 (2) (231 SE2d 88). Mrs. McDonald's notice of appeal was not filed within 30 days of the entry of final judgment. This court is without jurisdiction to review the judgment entered below because of appellant's failure to perfect her appeal pursuant to the Appellate Practice Act. *Camp v. Hamrick,* 139 Ga. App. 61, 62 (228 SE2d 288).

*Appeal dismissed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 25, 1981 —
REHEARING DENIED DECEMBER 9, 1981 —

Othella McDonald, *pro se.*
Michael McRae, for appellee.