63644. HOOKS v. GATES.

SHULMAN, Presiding Judge.
In a will dispute, a final judgment was entered granting appellee and her two sisters a specified portion of a parcel of property claimed by and in the possession of appellant. A little more than two months later, appellant was held in contempt of court upon a finding that he "failed to comply with" the previous judgment. Appellant was ordered confined for a set period unless he purged himself of the contempt by "not interfering with the possession of the [appellee] and her two sisters . . ." In this appeal, appellant enumerates as error the citation for contempt and the underlying judgment.

1. In his notice of appeal, appellant specified only that the two judgments here involved be included in the record on appeal. The order holding appellant in contempt recites that a hearing was held at which evidence was heard. "Lacking a transcript of the evidence considered by the trial court in this case, we must presume that he correctly ruled on the issues presented. [Cits.]" *Attwell v. Heritage Bank Mt. Pleasant,* 161 Ga. App. 193, 194 (291 SE2d 28). We must

presume, therefore, that the evidence supported the trial court's finding that appellant interfered with appellee's possession of her property in defiance of the command implicit in the order granting appellee and her sisters fee simple ownership of the property.

"The proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings. Disobedience to the lawful order of a court is an obstruction of justice, and for such a violation the court, in order to compel respect or compliance, may punish for contempt." *Griggers v. Bryant,* 239 Ga. 244, 246 (236 SE2d 599). Appellant's interference with the court-ordered possession of the subject property by appellee was a deliberate refusal to recognize the authority of the trial court. We find no error in the trial court's decision to hold appellant in contempt.

2. Appellant's second enumeration concerns the validity of the judgment with which appellant refused to comply. However, the record shows that the judgment was entered on July 10, 1981. That judgment was a final judgment, the notice of appeal from which was filed in October 1981, well beyond the 30 days specified in Code Ann. § 6-803. There is nothing in the record to show that appellant filed any motions which extend the time for filing a notice of appeal. Appeal from that judgment is, therefore, untimely and this court is without jurisdiction to consider it. *McDonald v. Ga. Kraft Co.,* 160 Ga. App. 696 (288 SE2d 60).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

Decided May 26, 1982.

*Mary M. Young,* for appellant.
*James M. Skipper, Jr.,* for appellee.