## 75250. STAPELTON et al. v. SKY VALLEY, INC.

(363 SE2d 48)

BENHAM, Judge.

Appellants, property owners in the City of Sky Valley, filed suit, seeking injunctive relief, the appointment of an auditor, and an accounting. Appellants subsequently withdrew their request for injunctive relief, and the trial court denied their requests for the appointment of an auditor and for an accounting. This appeal followed.

1. The power of the trial court to appoint an auditor extends to cases at law and in equity. OCGA §§ 9-7-2; 9-7-3. "The mere fact of [a prayer for an accounting] does not call into action the equity powers of a court. [Cits.]" *Peeples v. Peeples*, 193 Ga. 358 (2) (18 SE2d 629) (1942). There being no showing that a remedy at law would be inadequate if an accounting were had, appellate jurisdiction lies in this court. Id.; *Universal Garage Co. v. Fowler*, 184 Ga. 604 (192 SE 299) (1937).

2. "The appointment of an auditor is a matter vested largely in the discretion of the court, and unless this discretion has been abused, the refusal to appoint an auditor will not be held erroneous." *Teasley v. Bradley*, 120 Ga. 373 (1) (47 SE 925) (1904). See also *Spencer v. Northwestern &c. Ins. Co.*, 27 Ga. App. 710 (2) (109 SE 510) (1921). The record contains no evidence of an abuse of discretion on the part of the trial court in refusing to appoint an auditor. Therefore, it was not error to refuse to appoint an auditor or to order an accounting.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 9, 1987.

*John M. Brown*, for appellants.
*Richard D. Tunkle*, for appellee.