A90A1290. ROBINSON v. STARR.
(398 SE2d 714)

CARLEY, Chief Judge.

In March of 1986, appellee-plaintiff initiated a legal malpractice action against appellant-defendant. Because OCGA § 9-11-9.1 had yet to be enacted, appellee naturally did not attach to his complaint an expert's affidavit and appellant accordingly did not raise this lack of an expert's supporting affidavit as a defense in his answer. In May of 1988, however, appellant did move for summary judgment and offered his own affidavit in support thereof. In his affidavit, appellant stated that he had "exercised that degree of care, skill, prudence, and diligence which lawyers of ordinary skill and capacity commonly possess and exercise in the State of Georgia and in general." In opposition to appellant's motion, appellee did not produce the affidavit of an expert who offered a contrary opinion to that expressed by appellant. Citing *Rose v. Rollins,* 167 Ga. App. 469 (306 SE2d 724) (1983) and other cases, the trial court granted summary judgment in favor of appellant in August of 1988.

Within the applicable statute of limitations, appellee thereafter initiated the instant legal malpractice action against appellant and, in compliance with the now-applicable pleading requirements of OCGA § 9-11-9.1, he did attach to his complaint the requisite affidavit of an expert. Since the allegations of his professional negligence were the same as those which had been asserted against him in the original action, appellant answered and, based upon the previous grant of summary judgment in his favor, raised the defense of res judicata. Appellant subsequently moved for summary judgment on his res judicata defense and, although the trial court denied appellant's motion, it did certify its order for immediate review. The instant appeal re-

sults from this court's grant of appellant's application for an interlocutory appeal from the denial of his motion for summary judgment.

1. "[W]here an order granting summary judgment in a prior suit is relied upon in final support of a plea of res judicata in a subsequent suit, the court considering the plea of res judicata should examine the underlying basis of the summary judgment. If that summary judgment actually was an adjudication of the merits (a plea in bar, or otherwise on the merits), the plea of res judicata should be sustained. However, if examination shows that the summary judgment actually was not an adjudication of the merits (a dilatory plea, etc.), the res judicata plea should be denied. [Cit.]" *National Heritage Corp. v. Mt. Olive Mem. Gardens*, 244 Ga. 240, 243 (260 SE2d 1) (1979). Accordingly, the issue to be decided in the instant case is whether the August 1988 order granting summary judgment in favor of appellant was or was not on the merits.

2. Existing law currently mandates that the plaintiff in a professional negligence action file an expert's affidavit in two instances. OCGA § 9-11-9.1 imposes an initial *pleading* requirement on the plaintiff in such a case and mandates the filing of an expert's affidavit with the complaint. However, as noted above, this pleading requirement was *not* in effect at the time appellee filed his original complaint and should have had no bearing in that action. OCGA § 9-11-56 imposes a subsequent *evidentiary* requirement on the plaintiff in such a case and mandates the filing of an expert's affidavit in opposition to the expert's affidavit filed in support of the defendant-professional's motion for summary judgment. This evidentiary requirement *was* in effect at the time that appellant moved for summary judgment in the original action. See *Rose v. Rollins*, supra. However, the trial court in the instant case concluded that the August 1988 order had not been based upon the evidentiary merits pursuant to OCGA § 9-11-56, but solely upon an erroneous reliance upon appellee's failure to have complied with the pleading requirements of OCGA § 9-11-9.1.

A review of the August 1988 order demonstrates that it does recognize that OCGA § 9-11-9.1 had been enacted subsequent to the filing of appellee's complaint. It does *not*, however, purport to rely *solely* upon that statute as the basis for granting appellant's motion for summary judgment. The order states: "It is not yet clear whether the legislature intended for OCGA § 9-11-9.1 to apply to causes of action which arose before July 1, 1987. *However, the law was clear in Georgia prior to the enactment of the statute that,* '[I]n a legal malpractice case, the presumption is that the legal services were performed in an ordinarily skillful manner. *This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of a summary judgment in favor of the attorney is proper.' Rose v. Rollins*, [supra]. . . ." (Emphasis sup-

plied in part and in original in part.) The August 1988 order then proceeds to apply the rationale of the *Rose* decision and concludes as follows: "[Appellee] has failed to submit an expert's affidavit in rebuttal, to pierce [appellant's] affidavit and support [his] malpractice action. Therefore, *regardless of whether OCGA § 9-11-9.1* or the established rule of law as stated in *Rose* applies, [appellee] has failed to state a claim for which relief may be granted, and *summary judgment for [appellant] is proper.*" (Emphasis supplied.) This clearly purports to be a recognition that, regardless of the applicability of any *pleading* requirements imposed by the subsequently enacted provisions of OCGA § 9-11-9.1, appellee's failure to have complied with the *evidentiary* requirements of OCGA § 9-11-56 nevertheless mandated the grant of summary judgment in favor of appellant on the merits.

It is true that, after this apparent ruling that appellant was entitled to summary judgment on the merits pursuant to *Rose*, the August 1988 order also engaged in a "further" extensive discussion as to why this disposition would not be "incongruous" with the Supreme Court decision in *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988). In that case, the Supreme Court reversed the grant of a defendant-professional's motion to dismiss which had been predicated upon the failure of the plaintiff to comply with the pleading requirements of OCGA § 9-11-9.1. According to the August 1988 order "the Statute of Limitations has not yet run [in the instant case] and . . . [appellee] has adequate time to do what the plaintiff in *Glaser* could not — file a renewed action complete with an expert's affidavit. Therefore, the *Glaser* case is distinguishable from the one presently before the Court and does not mandate a similar ruling." In point of fact, the decision in *Glaser* is more readily distinguishable on the simple basis that it did not address the evidentiary burden borne by a plaintiff. who is opposing a defendant-professional's motion for summary judgment. However, the mere fact that the August 1988 order may have subsequently undertaken this "further" discussion regarding the pleading requirements of OCGA § 9-11-9.1 in no way indicates that an underlying basis of the *previous* grant of summary judgment in appellant's favor had *not* been appellee's failure to comply with the *evidentiary requirements* of OCGA § 9-11-56. Instead, this "further" discussion is seemingly a mere recognition that, even *if* the pleading requirements of OCGA § 9-11-9.1 *were* otherwise also applicable in the instant case, the decision in *Glaser* nevertheless would not be a viable basis for allowing appellee to maintain his malpractice action against appellant.

An insufficiency in the allegations of a complaint is not a matter that is "proper for review on a motion for summary judgment where the allegations of the complaint are considered well-pleaded and the single issue before the court is whether on the merits the moving

party in the position of a defendant has carried [his] burden of showing that as a matter of law the party in the position of a plaintiff is not entitled to relief because one essential element under any theory of recovery is lacking and incapable of proof. [Cit.]" *Pickett v. Paine*, 230 Ga. 786, 797 (4b) (199 SE2d 233) (1973). Accordingly, if the sole basis underlying the August 1988 order had been the pleading requirements of OCGA § 9-11-9.1, that order presumably would have merely *dismissed* appellee's complaint for failing to have attached thereto an expert's affidavit. Instead, the August 1988 order reflects that consideration was not confined to the initial pleadings but that, based upon a consideration of the subsequent evidence of record, summary judgment on the merits was granted in favor of appellant pursuant to OCGA § 9-11-56. "When a motion for summary judgment is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . ., must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e). Since the August 1988 order purports to grant summary judgment in favor of appellant on the merits and not merely to dismiss appellee's complaint for failure to comply with the pleading requirements of OCGA § 9-11-9.1, it follows that appellant's res judicata defense in the instant case is viable and that the trial court erred in failing to grant his motion for summary judgment based upon that viable defense.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1990 —
REHEARING DENIED OCTOBER 31, 1990 — ▮▮▮▮▮▮▮▮

*Freeman & Hawkins, Jack N. Sibley*, for appellant.
*Ronald J. Doeve, Michael B. Lyndall*, for appellee.