A95A0261. FAIRCLOTH v. A. L. WILLIAMS & ASSOCIATES, INC. et al.
(465 SE2d 722)

Pope, Presiding Judge.

This is the third time this case has come before us on appeal from a grant of partial summary judgment. See *Faircloth v. A. L. Williams & Assoc.*, 206 Ga. App. 764 (426 SE2d 601) (1992) ("*Faircloth III*"); *A. L. Williams & Assoc. v. Faircloth*, 190 Ga. App. 872 (380 SE2d 471) (1989) ("*Faircloth I*"), affirmed in part and reversed in part, 259 Ga. 767 (386 SE2d 151) ("*Faircloth II*"). Plaintiff Faircloth, a former employee of defendant A. L. Williams & Associates, Inc., alleges that defendant breached his employment agreement by wrongfully terminating him and withholding various commissions owed him. The opinions cited above set forth the facts of the case in detail; those facts will be repeated here only to the extent they are necessary to a discussion of the issues presented.

1. Plaintiff first argues that the trial court erred in granting summary judgment for defendant on his claim for an equitable accounting under OCGA § 23-2-70. An accounting under this Code section is not warranted if the accounts are not unusually complicated and an adequate remedy is available at law. See *Insurance Center v. Hamilton*, 218 Ga. 597 (1) (b) (129 SE2d 801) (1963). Although plaintiff asserts that the commission transactions involved here are unusually complex, his assertion is not supported by the record. Plaintiff has a breach of contract cause of action based on defendant's failure to pay commissions, and with the availability of extensive discovery, this claim provides plaintiff with an adequate remedy at law. We also note that we transferred this case to the Supreme Court due to plaintiff's request for equitable relief, and the Supreme Court transferred it back to us. Cf. *Universal Garage Co. v. Fowler*, 184 Ga. 604 (192 SE 299) (1937) (suit for accounting transferred from Supreme Court to Court of Appeals because the transactions involved were not unusually complicated). Accordingly, the trial court did not err in granting summary judgment for defendant on plaintiff's accounting claim.

2. Plaintiff also contends that the trial court should not have granted summary judgment on his conversion claim. The trial court had previously granted summary judgment on the conversion claim, however, and that summary judgment was affirmed by this Court in

*Faircloth III.* Pointing to language in *Faircloth III* referring to the lack of an "allegation" that the converted funds were represented by a receipt or certificate, plaintiff suggests that the prior affirmance was based on a mere deficiency in pleading. Thus, he reasons, it should not be binding and he should be allowed to replead his conversion claim to include such an allegation. Under our system of modern pleading, however, neither a summary judgment nor a dismissal for failure to state a claim may be based on a mere deficiency in pleading. The only reasonable reading of *Faircloth III*, therefore, is that summary judgment was properly granted on the conversion claim because plaintiff did not *establish* that the monies owed him under the contract were specific or tangible enough to be the subject of a conversion action; indeed, he did not *even* allege it. And faced with the prospect of summary judgment, plaintiff had the burden of coming forward with anything which could establish specificity or tangibility at that time. It follows that the trial court did not err in granting summary judgment on the conversion claim based on *Faircloth III* and OCGA § 9-11-60 (h).

Plaintiff's reliance on OCGA § 9-11-54 (b), for the proposition that the prior ruling of this court is not binding because the trial court's prior grant of summary judgment was not a "final judgment," is misplaced. That Code section allows an otherwise interlocutory ruling to become "final," and therefore immediately appealable. Since grants of partial summary judgment are already immediately appealable under OCGA § 9-11-56 (h), OCGA § 9-11-54 (b) does not generally come into play when they are involved. And to the extent it does come into play, the effect would be to make the grant of partial summary judgment a "final judgment" which *must* be immediately appealed lest the right to appeal be lost. If the grant of partial summary judgment is *not* made "final" under OCGA § 9-11-54 (b), on the other hand, the party against whom it is entered has the option to appeal at that time or not; but if he *does* choose to appeal, as plaintiff did in *Faircloth III*, the decision on appeal is binding under OCGA § 9-11-60 (h).

3. Lastly, plaintiff challenges the trial court's determination that under the contract, plaintiff could not be entitled to deferred commissions because he did not "retire." The written "Senior Vice President" ("SVP") agreement (which is the only agreement still at issue under the previous appellate decisions in this case) provides that plaintiff would be entitled to deferred commissions "[i]n the event of the occurrence of any of the Disabling Events prior to termination of this Agreement." And the definitions section of the agreement states that " 'Disabling Event' shall be defined as any one of the following: (1) Death of the SVP; (2) 'Total Disability' of the SVP as defined herein; or (3) Retirement of the SVP." Plaintiff acknowledges that

the death and total disability provisions do not apply, but argues that his cessation of work for defendant constitutes retirement. The contract specifies, however, that retirement can happen only after the SVP has either performed his duties for three years or reached the age of sixty-two. As neither of these preconditions to retirement occurred before plaintiff stopped working for defendant, the trial court did not err. Plaintiff's citation of various rules governing construction of contracts fails to convince us otherwise, as the language of the agreement is clear, and where the language is clear, there is no room for construction. See, e.g., *Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1) (455 SE2d 601) (1995).

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995 — 

*Gambrell & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, Cook & Palmour, Bobby Lee Cook,* for appellant.

*Chilivis, Cochran, Larkins & Bever, Nickolas P. Chilivis, John K. Larkins, Jr., Gary G. Grindler, Thomas D. Bever, Daniel P. Griffin,* for appellees.