A95A2129. LOTMAN et al. v. ADAMSON CONTRACTING, INC. et al.
(467 SE2d 224)

JOHNSON, Judge.

Harold and Tham Lotman filed a breach of contract and negligence action against Adamson Contracting, Inc., and Michael Adamson (hereinafter collectively referred to as "Adamson Contracting"). Adamson Contracting moved for summary judgment and argued its motion on May 3, 1995. The Lotmans failed to appear at the motion hearing, but filed a brief in opposition to the motion on May 3, 1995, after the hearing took place. On May 4, 1995, the Lotmans filed a written notice of dismissal without prejudice. Five days later, the trial court entered an order granting Adamson Contracting's motion for summary judgment. On appeal, the Lotmans argue that the trial court erred in entering summary judgment after the action had been dismissed. We agree and reverse.

"Under OCGA § 9-11-41 (a) a party may dismiss an action without prejudice by filing a written notice of dismissal at any time before verdict, if no counterclaim has been pleaded by a defendant. After this dismissal, a court has no power to order reinstatement of the action. [Cit.]" See *Smith v. Mem. Med. Ctr.*, 208 Ga. App. 26, 28 (1) (430 SE2d 57) (1993). The voluntary dismissal filed in this case operated to divest the court of jurisdiction, after which the trial court had no authority to enter summary judgment. See id. That the trial court made the order nunc pro tunc to the hearing date was of no consequence, because at the time the written order was entered, the action had already been extinguished and the court no longer had jurisdiction. See generally *Dept. of Med. Assistance v. Columbia Convales-*

*cent Ctr.*, 203 Ga. App. 535, 536 (1) (417 SE2d 195) (1992).

We realize, of course, that there is an exception to the general rule that the filing of a voluntary dismissal before verdict divests the court of jurisdiction: A plaintiff cannot dismiss an action between the time the court *announces* its judgment and the time the judgment is actually written and entered. *Kilby v. Keener*, 249 Ga. 667, 668 (293 SE2d 318) (1982). Adamson Contracting's argument that this exception applies in this case because the trial court orally announced at the hearing its intent to grant the motion is not persuasive because it is not supported by the record. There is no transcript of the hearing, nor any legally acceptable substitute therefor, indicating that the trial court announced its decision at the hearing. In fact, the record actually suggests that no decision was announced before the dismissal was filed. In its May 9, 1995 order granting summary judgment, the trial court specifically states that in reaching its decision it considered all of the Lotmans' pleadings, *including those filed after the hearing on the summary judgment motion.* Thus, the existing record simply does not warrant a departure from the general rule. Under the circumstances presented in this case, the trial court erred in entering summary judgment for Adamson Contracting after the case had been voluntarily dismissed. See *Lakes v. Marriott Corp.*, 264 Ga. 475, 478 (448 SE2d 203) (1994).

In light of the foregoing, we do not reach the Lotmans' remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 23, 1996.

Marlow, Bozeman & Young, C. Michael Bozeman, for appellants.
Long, Weinberg, Ansley & Wheeler, Paul L. Weisbecker, K. Marc Barre, for appellees.