A98A1432. GULF ATLANTIC MEDIA OF GEORGIA, INC. et al.
v. ROTH.
(504 SE2d 47)

BLACKBURN, Judge.

Defendants Gulf Atlantic Media of Georgia, Inc. and Carl J. Marcocci appeal the denial of their motion to set aside the voluntary dismissal filed by plaintiff Jerry Roth a/k/a Jerry Rogers. For the reasons discussed below, we affirm.

On November 7, 1990, Roth sued defendants in Chatham County Superior Court, claiming that defendants fraudulently induced him to enter into an employment agreement with Gulf Atlantic, and that defendants breached a stock purchase agreement. On March 22, 1995, the trial court granted defendants' motion for partial summary judgment as to Roth's claim for fraudulent inducement. This ruling was affirmed by this Court on September 12, 1995.

On May 7, 1996, the trial court entered a consolidated pre-trial order, limiting the issues to be tried to Roth's claims for breach of contract and attorney fees. On September 23, 1996, Roth moved to amend the pre-trial order to allow him to raise certain additional issues. On October 2, 1996, defendants filed a motion to dismiss Marcocci as a defendant or to amend the pre-trial order to reflect that Gulf Atlantic was the only remaining defendant. On November 6, 1996, the trial court signed an order granting defendants' motion. This order was entered in the docket at 8:41 a.m. on November 7. At 1:59 p.m. on November 7, Roth filed a voluntary dismissal without prejudice of his complaint pursuant to OCGA § 9-11-41 (a).

Six months later, on May 7, 1997, Roth refiled his action against defendants, this time in the State Court of Chatham County. The new complaint reasserted the claims made in the original complaint, including the fraudulent inducement claim for which defendants had received partial summary judgment, which judgment was subsequently affirmed by this Court.

On June 13, 1997, defendants filed a motion in superior court, in the first lawsuit, seeking to set aside the voluntary dismissal. This

motion was denied on February 2, 1998, and defendants appeal.

Generally, the voluntary dismissal of an action deprives the trial court of jurisdiction, and "[a]fter this dismissal, a court has no power to order reinstatement of the action." (Punctuation omitted.) *Lotman v. Adamson Contracting*, 219 Ga. App. 898 (467 SE2d 224) (1996). "[T]here is an exception to the general rule that the filing of a voluntary dismissal before verdict divests the court of jurisdiction: A plaintiff cannot dismiss an action between the time the court *announces* its judgment and the time the judgment is actually written and entered." (Emphasis in original.) Id. at 899. Defendants contend that this exception is applicable in this case, rendering the purported dismissal invalid.

It is not necessary to address the merits of this argument, however, as defendants have waived any right to contest the validity of the voluntary dismissal by acquiescing therein. After Roth filed the voluntary dismissal on November 7, 1996, defendants took no action to challenge such dismissal for more than seven months. It was not until a month after Roth had refiled his action in state court that defendants moved to set aside the dismissal of the former case. It cannot be said that this delay was not prejudicial to Roth. Had defendants challenged the dismissal in a timely fashion, Roth could have taken action to appeal the trial judge's rulings with respect to the dismissal of Marcocci as a defendant.

If defendants believed that Roth's voluntary dismissal was invalid, they were obligated to challenge the dismissal in a timely manner. Instead, they took no action for approximately seven months. A party cannot sit quietly for seven months, allow a plaintiff to institute a new action, and then claim that the plaintiff's dismissal of the prior action was invalid. See *Trustees of Trinity College v. Ferris*, 228 Ga. App. 476, 478 (2) (491 SE2d 909) (1997); *ETI Corp. v. Hammett*, 152 Ga. App. 1 (262 SE2d 211) (1979).

This ruling upholds the validity of the voluntary dismissal as a termination of the prior lawsuit. The status of the pending state court action is not at issue in this appeal. Although Roth contends that the rulings in the prior action, including the grant of partial summary judgment to defendants on the fraudulent inducement claim, have no effect whatsoever, we note that the summary judgment ruling was appealed to this Court and affirmed. However, as the preclusive effect of that ruling in the state court case is not an issue in this appeal, we do not consider it here.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 1, 1998.

*Oliver, Maner & Gray, James P. Gerard, Timothy M. O'Brien*, for appellants.

*McCallar & Associates, C. James McCallar, Jr., Todd E. Schwartz*, for appellee.