# A00A0302. ROTH v. GULF ATLANTIC MEDIA OF GEORGIA, INC. et al.
### (536 SE2d 577)

JOHNSON, Chief Judge.

The doctrine of res judicata provides that a final judgment of a court of competent jurisdiction is conclusive between the parties and bars a subsequent action between the same parties on the same subject matter.[1] Jerry Roth sued Gulf Atlantic Media of Georgia, Inc. and Carl Marcocci for fraud and breach of contract. The trial court granted summary judgment to Gulf Atlantic and Marcocci, and that judgment was affirmed on appeal. The trial court later dismissed the breach of contract claim as to Marcocci. Roth then voluntarily dismissed the lawsuit without prejudice and later refiled the same fraud and breach of contract claims against Gulf Atlantic and Marcocci in another court. Are the subsequent fraud claims against Gulf Atlantic and Marcocci and the breach of contract claim against Marcocci barred by the doctrine of res judicata? We find that they are barred because a court of competent jurisdiction has already rendered a final judgment on the merits of those claims. We therefore affirm the lower court's grant of summary judgment to Gulf Atlantic and Marcocci on the fraud claim and to Marcocci on the breach of contract claim.

In 1988, Roth agreed to buy stock in Gulf Atlantic and to be employed as Gulf Atlantic's president and as the general manager of two Gulf Atlantic radio stations in Savannah. In 1990, Roth sued Gulf Atlantic and its majority shareholder, Marcocci, in Chatham County Superior Court. In Count 1 of the complaint, Roth claimed that Gulf Atlantic and Marcocci had fraudulently induced him to enter into the stock purchase and employment agreements by misrepresenting the amount of money that Marcocci would invest in Gulf Atlantic. In Count 2 Roth complained that Gulf Atlantic and Marcocci had breached the stock purchase agreement by refusing his request that they redeem his stock.

Gulf Atlantic and Marcocci moved for summary judgment as to the fraudulent inducement claims. In March 1995, the superior court granted the motion, concluding that Roth could not demonstrate an essential element of his fraudulent inducement claims, i.e., that he justifiably relied on the alleged misrepresentations of Gulf Atlantic and Marcocci. Roth then directly appealed to this court from that summary judgment ruling. We affirmed the grant of summary judgment to Gulf Atlantic and Marcocci on the fraud claims without an opinion.

---

[1] OCGA § 9-12-40; *Myers v. North Ga. Title &c. Exchange*, 241 Ga. App. 379, 380 (1) (527 SE2d 212) (1999).

Thereafter, Marcocci moved to be dismissed from the breach of contract claim, asserting that he is not responsible under the contract terms for redeeming Roth's stock in the company. In November 1996, the superior court, noting only that Roth had not responded to the motion, granted the motion and dismissed Marcocci. With only his breach of contract claim against Gulf Atlantic still pending, Roth voluntarily dismissed the lawsuit without prejudice pursuant to OCGA § 9-11-41 (a).

About six months later, Roth again sued Gulf Atlantic and Marcocci, this time in the State Court of Chatham County. He reasserted the same fraudulent inducement and breach of contract claims that he had asserted in his prior superior court action.[2] Relying on the doctrine of res judicata, Gulf Atlantic and Marcocci moved for summary judgment as to the fraudulent inducement claims, and Marcocci sought summary judgment on the breach of contract claim. The state court granted the motion, determining that the doctrine of res judicata precluded all of Roth's claims except for his breach of the stock purchase agreement claim against Gulf Atlantic. Roth appeals from the state court's summary judgment ruling.

1. Roth contends that the state court erred in holding that the doctrine of res judicata prevents his fraudulent inducement claims against Gulf Atlantic and Marcocci. Roth's contention is without merit.

> Res judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim. Three prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.[3]

As to Roth's fraudulent inducement claims, all three prerequisites have been satisfied. First, there is no dispute that the fraudulent inducement claims asserted in the current state court action are

---

[2] After Roth refiled his lawsuit in the state court, Gulf Atlantic and Marcocci filed a motion in the superior court to set aside Roth's prior voluntary dismissal of his superior court action. The superior court denied the motion. Gulf Atlantic and Marcocci appealed that ruling, which this court affirmed in *Gulf Atlantic Media &c. v. Roth*, 233 Ga. App. 209 (504 SE2d 47) (1998). While upholding the validity of Roth's voluntary dismissal as a termination of the prior superior court lawsuit, we pointed out that the preclusive effect of the superior court's summary judgment ruling on the status of the state court action was not an issue in that appeal. Id. at 210.

[3] (Footnotes omitted.) *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995).

the same claims asserted in the prior superior court action. Second, there is also no dispute that the parties in the two lawsuits are identical — Roth sued Gulf Atlantic and Marcocci in both the superior and state court actions. And third, there is no question that Chatham County Superior Court is a court of competent jurisdiction which has already granted summary judgment to Gulf Atlantic and Marcocci on the fraudulent inducement claims.

When a grant of summary judgment in a prior suit is relied upon to support a plea of res judicata in a subsequent suit, the basis of the prior summary judgment must be examined.[4] If that summary judgment actually adjudicated the merits, the plea of res judicata must be sustained; but if the summary judgment did not adjudicate the merits, then the res judicata plea should be denied.[5]

Here, the superior court granted summary judgment to Gulf Atlantic and Marcocci on the basis that Roth could not prove that he justifiably relied on Gulf Atlantic and Marcocci's alleged misrepresentations, which was an essential element of his fraudulent inducement claims. By finding that Roth could not prove an essential element of his fraud claims, the superior court's grant of summary judgment was an adjudication on the merits of those claims. Because the superior court's grant of summary judgment adjudicated the merits of the fraudulent inducement claims, Gulf Atlantic and Marcocci's res judicata plea should be sustained.

Roth argues that in spite of the superior court's partial summary judgment on the merits of the fraud claims, there was no binding final judgment because he voluntarily dismissed the superior court action without prejudice while his breach of contract claim against Gulf Atlantic was still pending. It is true that under OCGA § 9-11-54 (b) a judgment as to one or more but fewer than all of the claims or parties is not a final judgment and lacks res judicata effect unless the trial court expressly directs the entry of a final judgment and determines that there is no just reason for delaying the finality of the judgment.[6] But if a grant of partial summary judgment is not made final under OCGA § 9-11-54 (b), the party against whom summary judgment was granted has the option to either appeal or not appeal at that time.[7] And if the party chooses to appeal, then the appellate decision on the summary judgment ruling is binding under OCGA § 9-11-60 (h).[8]

After the superior court granted summary judgment to Gulf

---

[4] *Robinson v. Starr*, 197 Ga. App. 440, 441 (1) (398 SE2d 714) (1990).

[5] Id.

[6] *Pierce v. Cessna Aircraft Co.*, 179 Ga. App. 549, 550 (347 SE2d 261) (1986).

[7] *Faircloth v. A. L. Williams & Assoc.*, 219 Ga. App. 560, 561 (2) (465 SE2d 722) (1995).

[8] Id.

Atlantic and Marcocci on the fraudulent inducement claims, Roth chose to appeal that judgment. And on appeal, this court affirmed the grant of summary judgment. So even though Roth's breach of contract claim against Gulf Atlantic was still pending, this court's affirmance of the summary judgment ruling constitutes a binding final adjudication that prevents Roth from relitigating the fraud claims.[9]

Accordingly, the state court correctly ruled that the doctrine of res judicata prevents Roth from again bringing his fraudulent inducement claims against Gulf Atlantic and Marcocci. The state court's summary judgment ruling as to those claims is therefore affirmed.

2. Likewise, the state court's grant of summary judgment to Marcocci on the breach of contract claim must be affirmed based on the doctrine of res judicata.

As with the fraud claims discussed in Division 1, there is no question that the breach of contract claim which Roth brought against Marcocci in the superior court action is the same claim he again raised in the state court action. Thus, there is identity of the cause of action and the parties.[10]

And the superior court's dismissal of the breach of contract claim against Marcocci was a previous adjudication on the merits by a court of competent jurisdiction. Under OCGA § 9-11-41 (b), an involuntary dismissal for failure to prosecute is not a ruling on the merits. But any other dismissal, other than a dismissal for lack of jurisdiction, for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits unless the court in its dismissal order specifies otherwise.[11]

The superior court, in its order granting Marcocci's motion to dismiss the breach of contract claim, made no specification that the dismissal was not on the merits. Accordingly, that order of involuntary dismissal operates as an adjudication on the merits of the breach of contract claim.[12] And there was no appeal from the dismissal order after Roth terminated the superior court action by voluntary dismissal. So the order dismissing the breach of contract claim against Marcocci became a final ruling on the merits of that claim.[13]

Because the superior court has already adjudicated the merits of Roth's breach of contract claim against Marcocci, that claim is barred

---

[9] See *Smith v. Motes*, 271 Ga. 132 (516 SE2d 295) (1999); *Bellamy v. Fed. Deposit Ins. Corp.*, 236 Ga. App. 747, 750 (512 SE2d 671) (1999).

[10] See *Waldroup*, supra.

[11] OCGA § 9-11-41 (b).

[12] See *Liner v. North*, 194 Ga. App. 175, 178 (1) (390 SE2d 263) (1990).

[13] See *Brantley v. Sparks*, 167 Ga. App. 323, 324 (306 SE2d 337) (1983).

by the doctrine of res judicata. The state court therefore correctly granted summary judgment to Marcocci on the breach of contract claim.

3. Because of our findings in Division 2, we need not address Roth's additional contention that there are genuine issues of material fact on his claim that Marcocci breached the shareholder's contract.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JUNE 29, 2000.

*McCallar & Associates, C. James McCallar, Jr., Patricia Mullen*, for appellant.

*Oliver, Maner & Gray, James P. Gerard, Timothy M. O'Brien*, for appellees.