A05A0285. COLLIER v. D & N TRUCKING COMPANY, LLC et al.
(614 SE2d 801)

RUFFIN, Chief Judge.

Bryan Collier appeals from the trial court's order holding him in contempt for failure to pay an award of attorney fees. For reasons that follow, we affirm.

The record shows that Collier sued D & N Trucking Company, LLC, and two others (collectively, "D & N") for damages sustained when a car allegedly driven by D & N's employee collided with a car in which Collier was a passenger. D & N subsequently filed several

---

[7] See *Cloud v. Ga. Central Credit Union*, 214 Ga. App. 594, 597 (7) (448 SE2d 913) (1994).

discovery motions, including a motion to compel discovery and for sanctions. In an order dated June 26, 2003, the trial court directed Collier to produce certain documents and to pay D & N $1,000 in attorney fees. Over seven months later, D & N filed a motion for contempt, asserting that Collier had refused to pay the ordered fees. Following a hearing, the trial court found Collier in contempt of the June 26, 2003 order.

In his sole enumeration of error, Collier argues that the trial court lacked jurisdiction to enter the June 26, 2003 order or to make a contempt finding. He notes that, at 11:21 a.m. on June 26, 2003, he voluntarily dismissed his complaint without prejudice. Asserting that this dismissal divested the trial court of jurisdiction over the case, Collier contends that the June 26, 2003 attorney fee award, as well as the contempt finding, is null and void. We disagree.

According to Collier, he filed his voluntary dismissal *before* the trial court entered the June 26, 2003 order, leaving the court without jurisdiction to enter or enforce the attorney fee award. But he cites no record evidence to support this assertion, and the trial court evidently found otherwise at the hearing on D & N's motion for contempt. Furthermore, Collier failed to include in the appellate record a transcript of the contempt hearing or a legally acceptable substitute.[1] In the absence of such transcript, this Court " 'assume[s] that the trial court's findings were supported by the evidence.' "[2] We presume, therefore, that the trial court properly determined that its June 26, 2003 attorney fee order preceded Collier's voluntary dismissal and that Collier wilfully failed to comply with the order.[3]

Finally, although Collier contends that his voluntary dismissal divested the trial court of jurisdiction to conduct the contempt proceedings, he has cited no authority for this proposition. As we have noted, " '[t]he proper administration of justice demands that courts have the power to enforce their orders and decrees by contempt proceedings.' "[4] Thus, a trial court may hold a party who fails to comply with a final judgment in contempt,[5] and it "retain[s] jurisdiction for the purpose of enforcing its decree[s]."[6]

The trial court clearly determined that it entered the attorney fee order before Collier's voluntary dismissal, and it found Collier in contempt of the order. Collier has not demonstrated any error in these

---

[1] See OCGA § 5-6-41 (g), (i).

[2] *Dept. of Human Resources v. Cowan*, 220 Ga. App. 230, 232 (2) (469 SE2d 384) (1996). See also *Hooks v. Gates*, 162 Ga. App. 434, 434-435 (1) (291 SE2d 569) (1982).

[3] See id.

[4] *Hooks*, supra at 435.

[5] See id.

[6] *Mathis v. Corrugated Gear & Sprocket*, 263 Ga. 419, 420 (1) (435 SE2d 209) (1993).

findings. Moreover, we have not located — and Collier has not cited — any authority allowing a plaintiff to avoid compliance with a pre-existing attorney fee award by voluntarily dismissing his complaint.[7] Under these circumstances, Collier's jurisdictional challenge to the contempt finding and underlying fee award lacks merit.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 2005 —
RECONSIDERATION DENIED MAY 13, 2005 — 

*Michael B. King*, for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, James M. Freeman, Randy Howard, Jason M. Ferguson*, for appellees.

---

[7] Cf. *Lotman v. Adamson Contracting*, 219 Ga. App. 898 (467 SE2d 224) (1996) (trial court lacks jurisdiction to enter summary judgment for defendant *after* plaintiff voluntarily dismisses case); *C & S Indus. Supply Co. v. Proctor & Gamble Paper Products Co.*, 199 Ga. App. 197, 197-198 (404 SE2d 346) (1991) (trial court lacked jurisdiction to enter sanctions against plaintiff, who voluntarily dismissed complaint "[o]nly minutes before" hearing on defendant's motion for sanctions). See also *Moore v. Mem. Med. Center*, 258 Ga. 696, 697 (373 SE2d 204) (1988) (even after plaintiff voluntarily dismissed main claim, trial court retained jurisdiction to resolve defendant's abusive litigation counterclaim filed pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986)).

