**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN, P. J., and BROWN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 5, 2021**

# In the Court of Appeals of Georgia

A20A1860. ACCELERATED CLAIMS, INC. v. HOWELL & JOHNSON, LLC.

BROWN, Judge.

We granted the application for discretionary appeal of Accelerated Claims, Inc. ("ACI"), to review the trial court's post-dismissal order (1) granting non-party Howell & Johnson, LLC's motion to enforce a judgment requiring ACI to pay $8,100 in attorney fees to Howell & Johnson pursuant to OCGA § 9-11-37 for a discovery dispute, and (2) awarding an additional $4,500 in attorney fees to Howell & Johnson pursuant to OCGA § 9-15-14. For the reasons that follow, we reverse in part and vacate in part.

The relevant facts show that Jeffery Hutchins filed a class-action suit against ACI and two other defendants, Piedmont Athens Regional Medical Center and The

Gibson Firm, alleging a fraudulent scheme to recover statutory hospital liens.[1] During discovery, ACI sought to compel non-party law firm Howell & Johnson to produce the legal file related to its representation of Hutchins in an unrelated personal injury action resulting from a car accident in 2014. According to ACI, the file was relevant because the claims asserted in the instant class action suit stemmed from the medical treatment Hutchins received as a result of the accident. On July 16, 2019, the trial court found the motion to compel was without justification, and ordered ACI to pay Howell & Johnson $8,100 in attorney fees under OCGA § 9-11-37 (4) (b). ACI requested a certificate of immediate review of the order or, in the alternative, to have the order entered in accordance with OCGA § 9-11-54. The trial court refused both requests.

On October 17, 2019, Hutchins voluntarily dismissed his complaint without prejudice under OCGA § 9-11-41 (a). A week later, Piedmont Athens Regional Medical Center dismissed its counterclaims under OCGA § 9-11-41 (c). On November 27, 2019, Howell & Johnson filed a motion to enforce order, asking the trial court to enforce the July 2019 award of attorney fees and to require ACI to pay

---

[1] There is no evidence in the record that the action was ever certified as a class action under OCGA § 9-11-23.

the $8,100 in attorney fees. Howell & Johnson also sought payment of an additional $4,500 in attorney fees for having to file the motion to enforce. ACI objected to the motion, arguing that the trial court was divested of jurisdiction to enter such an order because the voluntary dismissal extinguished the case. On March 4, 2020, the trial court entered an order requiring ACI to pay the $8,100 in attorney fees, which it had awarded under OCGA § 9-11-37, and assessed an additional $4,500 in attorney fees under OCGA § 9-15-14 (b). ACI filed an application for discretionary review of the March 4, 2020 order, which this Court granted.

1. ACI contends that the trial court erred in entering the order enforcing its award of sanctions under OCGA § 9-11-37 because its jurisdiction had been terminated by the prior voluntary dismissal of the case under OCGA § 9-11-41. We agree.

As this Court has held, "[a] voluntary dismissal under OCGA § 9-11-41 (a) is a matter of right and terminates the action." (Citation and punctuation omitted.) *Gallagher v. Fiderion Group*, 300 Ga. App. 434, 435-436 (1) (685 SE2d 387) (2009).

> [T]he effect of a dismissal is so complete that a suit dismissed without prejudice pursuant to OCGA § 9-11-41 leaves the situation the same as if the suit had never been brought in the first place. Thus, it operates to divest the court of jurisdiction, after which the trial court has no

3

authority to enter additional orders, with the possible exception of OCGA § 9-15-14 awards. . . .

(Citations and punctuation omitted.) Id. at 436. "[B]ecause [a] dismissal divests the court of jurisdiction, orders entered subsequent to the dismissal are deemed a nullity." Id. Accordingly, we vacate that portion of the trial court's order entered on March 4, 2020, granting Howell & Johnson's motion to enforce.

The trial court relied on *Collier v. D & N Trucking Co*, 273 Ga. App. 271 (614 SE2d 801) (2005), to conclude that it had the authority to enforce the attorney fee award here because a trial court "retains jurisdiction [over a voluntarily dismissed case] for the purpose of enforcing its decrees." (Citation and punctuation omitted.) Id. at 272. But, *Collier* is distinguishable because, unlike the present case, it involved a proceeding on a motion for contempt. Id. See *Carden v. Carden*, 266 Ga. App. 149, 150 (1) (596 SE2d 686) (2004) ("The contempt remedy is part of the judiciary's inherent power to enforce its orders. As such, an action for contempt is ancillary to the primary action and is characterized as a motion and not a pleading.") (footnotes omitted). See also *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996) (contempt action is an independent proceeding ancillary to the underlying action).

4

Our ruling should not be interpreted as agreeing with ACI's contention that the *trial court's July 16, 2019 ruling*, awarding sanctions to Howell & Johnson pursuant to OCGA § 9-11-37, was extinguished by the voluntary dismissal of the case. Cf. *Gallagher*, 300 Ga. App. at 436 (holding that upon dismissal of a case, all prior *orders* that were entered in the case are superseded and can no longer be enforced). Quite the contrary, an award of sanctions under OCGA § 9-11-37 is not an order; rather, as this Court recently reiterated, "a ruling on a motion for sanctions is a *judgment* of the court." (Emphasis supplied.) *Baker v. Atlantic States Ins. Co.*, 354 Ga. App. 773, 776 (840 SE2d 734) (2020). See also *Hunt v. Callahan*, 353 Ga. App. 488, 489 (2) (838 SE2d 133) (2020) ("[w]e have previously concluded that an award of OCGA § 9-11-37 attorney fees as a discovery sanction is a 'judgment' for purposes of OCGA § 5-6-35 (a) (6)") (citation and punctuation omitted); *Pathfinder Payment Solutions v. Global Payments Direct*, 344 Ga. App. 490, 491 (810 SE2d 653) (2018) (same). Moreover, while ACI seeks to overturn the trial court's July 16, 2019 award of attorney fees in the amount of $8,100 to Howell & Johnson under OCGA § 9-11-37, alleging that its motion to compel was justified, we do not have jurisdiction to consider this contention because ACI's application for discretionary appeal was limited to the trial court's March 4, 2020 order, and did not seek review of the trial

5

court's July 16, 2019 judgment. See OCGA § 5-6-35 (a) (6), (a) (10) (appeals where the judgment is $10,000 or less, or from awards of attorney fees under OCGA § 9-15-14, must be by application). See also OCGA § 5-6-35 (b) ("[a]ll appeals taken in cases specified in subsection (a) of this Code section shall be by application [and] shall *specify the order or judgment* being appealed . . .") (emphasis supplied). Cf. *Pathfinder*, 344 Ga. App. at 491 (dismissing for lack of jurisdiction, direct appeal of award under OCGA § 9-11-37 for $1,875). Accordingly, while the trial court's March 4, 2020 order granting the motion to enforce must be vacated, the July 16, 2019 award of attorney fees is a judgment which remains in effect.

2. ACI next contends that the trial court erred in its March 4, 2020 order, by awarding attorney fees to Howell & Johnson, a non-party, under OCGA § 9-15-14. We agree.

The trial court's March 4, 2020 order awarded Howell & Johnson $4,500 in fees under OCGA § 9-15-14 (b). This statute does not permit the award of attorney fees to a non-party. See *Workman v. RL BB ACQ I-GA CVL, LLC*, 303 Ga. 693, 697-698 (1) (814 SE2d 696) (2018). Thus, the trial court erred in granting Howell & Johnson attorney fees under OCGA § 9-15-14 (b), and we reverse that ruling. This

6

ruling renders moot ACI's claim that the trial court erred in finding that it lacked substantial justification under OCGA § 9-15-14.

*Judgment reversed in part and vacated in part. Dillard, P. J., and Rickman, P. J., concur.*